**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | NO:  4:05CR00213-03   SWW |
| VS. | * | |
| | * | NO:  4:09CV00235     SWW |
| | * | |
| ANTERRYO JERMAINE TODD | * | |
| | * | |

**ORDER**

Before the Court is Defendant Anterryo Jermaine Todd's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #163) and the United States' response in opposition (docket entry #170).   After careful consideration, and for the reasons that follow, the Court finds that the motion should be and hereby is denied.[1]

On August 2, 2005, Todd was indicted for violations of 21 U.S.C. § 841(a)(1), possession of a controlled substance with intent to distribute; 18 U.S.C. § 924(c)(1)(A), possession of a firearm during and in relation to a drug trafficking crime; and 18 U.S.C. § 922(g)(1), possession of firearms by a convicted felon.

Pursuant to a plea agreement, Todd pled guilty to possession of a firearm during and in relation to a drug trafficking crime.  In exchange, the United States dismissed the remaining two

---

[1] Because the record conclusively shows that Todd is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's  allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

1

counts. At sentencing, the United States recommended that the Court impose the minimum statutory penalty of five years' imprisonment. The Court, however, determined that a longer term was warranted and sentenced Todd to 262 months' imprisonment, which was at the low end of the advisory guidelines range.

Todd appealed, challenging the sufficiency of the indictment, the Court's compliance with Federal Rule of Criminal Procedure 11 during the plea colloquy, and the reasonableness of his sentence. The Eighth Circuit affirmed. *See United States v. Todd*, 521 F.3d 891, 893 (8th Cir. 2008).

Now before the Court is Todd's *pro se* motion pursuant to 28 U.S.C. § 2255, and the United States' response in opposition. Todd claims that his trial counsel rendered ineffective assistance by failing to warn him of the possibility that he would be sentenced under the United States Sentencing Guidelines ("USSG") and as a career offender. He also asserts that he received an unconstitutional sentence.

Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Todd must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984). This two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. In order to satisfy the prejudice requirement, Todd must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366

(1985).

Even accepting as true Todd's allegation that his attorney failed to warn him that he would be sentenced as a career offender, he is unable to show prejudice. Before Todd entered his plea, the Court informed him that he could be sentenced as a career offender, stating: "In the event that you are categorized as an armed career offender, do you understand that the Court might have the discretion to sentence you to serve a harsher sentence than the five years? To this question, Todd answered "Yes, your honor." Change of Plea Tr. (docket entry #106) at 7. The Court advised Todd: "Do you further understand that under the sentencing guidelines, which are advisory–in other words, I don't have to follow them. But under the sentencing guidelines, if you plead guilty to this offense, you will subject yourself to a possible sentencing range that is far in excess of five years, if your guilty plea is accepted." *Id*. at 10. Todd responded: "Yes, Ma'am. *Id*.

Because the Court duly cautioned Todd about the possibility that the Court would sentence him as a career offender and impose a sentence far in excess of five years, he is unable to show a reasonable probability that but for his attorney's alleged failure to inform him of the possibility that he would be sentenced as a career offender, he would have insisted on going to trial.

Constitutionality of Sentence

Todd asserts that his sentence violates the Due Process Clause and the Eighth Amendment's proscription of cruel and unusual punishment because his classification as a career offender was based on "void judgements" and false testimony. Todd failed to raise this argument at sentencing or on direct appeal.

As noted by the United States, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593 (1982); *see also United States v. Ward,* 55 F.3d 412, 413 (8th Cir 1995) ("To the fullest extent possible, all arguments, even constitutional or jurisdictional ones ... should be made at trial and on direct appeal."). Todd is barred from bringing a petition under § 2255 for unappealed errors unless he can show cause excusing his default and actual prejudice resulting from the errors of which he complains. *See id*. Todd makes no attempt to show either cause or prejudice, and the Court finds that his claim is barred.[2]

For the reasons stated, Todd's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #163) is DENIED.

IT IS SO ORDERED THIS 11TH DAY OF JUNE, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2]In his form complaint, Todd states: "Counsel's deficiency resulted in issues not being appealed." Docket entry #1, ¶ 13. However, Todd makes no allegations indicating that counsel was aware of the unspecified "void judgments" and "false testimony" and failed to object or appeal. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(affirming denial of § 2255 motion without a hearing where the movant failed to present specific, non-conclusory allegations to support an ineffective assistance of counsel claim).