# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                       **4:05-CR-00213-03-SWW**

**ANTERRYO JERMAINE TODD**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 202) is DENIED.

## I.   BACKGROUND

On September 5, 2006, Defendant pled guilty to possession of a firearm during a drug-trafficking crime.[1] On March 9, 2007, he was sentenced to 262 months in prison.[2]

## II.   DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C.

---

[1] Doc. No. 89.

[2] Doc. Nos. 116, 117.

1

§ 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]  Defendant requested compassionate release on November 9, 2020, but he asserts that he has received no response.  Because thirty days have passed since Defendant submitted his request, the issue is properly before this Court.

In support of his motion, Defendant asserts that he should be granted compassionate release because "the 262 month sentence the Court gave him was 202 months over the [Prosecutor's] recommendation."[5]  Receiving a sentence above what a Defendant expected is not an "extraordinary and compelling" reason to grant compassionate release.  Defendant also references the COVID-19 pandemic, but "fear of contracting COVID-19 or of experiencing more intense

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Doc. No. 202.

symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors--specifically, protecting the public from additional crimes by Defendant and the need for the sentence imposed to reflect the severity of the offense.

Defendant has seven prior convictions, and each involved drugs or guns, which is the same conduct as the instant offense.  Additionally, Defendant committed the instant offense while on parole for a prior conviction.  In fact, when he committed the instant offense, Defendant had failed to report to serve time on a previous drug-delivery conviction.

On August 3, 2004, law enforcement officers responded to a call regarding suspected trespassing. At the scene, two men were sitting in one car where officers eventually found 1.5 kilograms of marijuana, 14 grams of crack cocaine, 53 grams of cocaine powder, a stun gun, two loaded handguns, and nearly $8,000 in cash. Defendant, who is the nephew of one of the men found in the first vehicle, was sitting in a second vehicle.  A search of Defendant's vehicle revealed two loaded

---

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

handguns, drug paraphernalia, 160 grams of marijuana, and $260 in cash. Ultimately, Defendant qualified as a career offender and he was sentenced to the low-end of the guidelines range.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 202) is DENIED.

IT IS SO ORDERED, this 4th day of January, 2021.

<u>Susan Webber Wright</u><br>
UNITED STATES DISTRICT JUDGE